**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE McDERMOTT, | No. 11-35771 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00311-MJP |
| v. | |
| PATRICK R. DONAHUE, Postmaster General; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Lance McDermott appeals pro se from the district court's judgment

dismissing his action alleging that defendants violated various federal laws in

connection with the investigation and discharge of a United States Postal Service

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("USPS") co-worker he represented as a union steward. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of McDermott's claims against the USPS was proper because McDermott failed to identify any source of substantive law providing an avenue for relief against the USPS. *See Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004) (USPS is only amenable to suit if there has been a waiver of sovereign immunity and the source of substantive law on which the claimant relies provides an avenue for relief).

The district court properly dismissed McDermott's claims against Inspector Vanicek on the basis of qualified immunity because McDermott failed to allege facts demonstrating that Vanicek violated his constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (defendant is entitled to qualified immunity where there is no violation of plaintiff's constitutional rights).

The district court did not abuse its discretion in denying McDermott's motion for reconsideration because McDermott failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v.*

11-35771

*ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider issues raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**